May 14, 1906.

————————o————————

No. 3939.

(Court of Appeal, Parish of Orleans.)

MRS. JENNIE LENNON, Wife of H. C. Brown, vs. E. C. PALMER CO. LTD.

1.  The testimony given by a witness, who has since died, in a prosecution for violation of a City Ordinance, cannot, in a subsequent suit for damages be offered over the objection of a plaintiff, who had not had the power to cross-examine the witnesses.
2.  The judgment of a Criminal Court has no effect on a Civil Court which is charged with the duty and power to determine for itself all the issues arising in a Civil Court.
3.  The other issues are of fact only.

Appeal from Civil District Court, Division "B."

Wickliffe & Falls, for Plaintiff and Appellee.

Richardson & Soule, for Defendant and Appellant.

DUFOUR, J. The defendant has appealed from a verdict and judgment for $500 rendered against it for injuries caused to plaintiff through defendant's alleged negligence, and the

plaintiff, by answer to the appeal, has asked that the award be increased to the sum of $2000.

The accident occurred on April 13th, 1904, a few minutes before 8 p. m. in front of defendant's store, Nos. 423-429 Camp St., near Poydras.

Mrs. Brown was walking up Camp St. on her way to Odd Fellows Hall to meet her husband and with him attend a session of a lodge to which they both belonged. Her gait was an ordinary one and, though her sight is good, she failed to see, and ran into a truck used by defendant to haul, from the sidewalk to the warehouse in their store, large bundles of paper, the commodity in which they trade.

The trend of the testimony is that the paper bundles were stacked in heaps or walls from six to eight feet in height, extending from the gutter towards the store, that the truck which was about one and a half or two feet wide occupied that much space between the paper and the store door, thus leaving but a moderate pathway for pedestrians.

There was no warning light on the paper and nothing to indicate obstruction or danger in the pathway ordinarily taken by pedestrians, and Mrs. Brown naturally had the right to assume that the way was clear.

Without further reference to detail we may here state that she was not guilty of contributory negligence barring recovery.

The defendant's negligence is two-fold:

In the first place, it received on the day of the accident a vast and unusual shipment of paper which crowded their sidewalk, although the manager had twenty-four hours notice of the intended delivery of the goods, he took no steps to secure extra men and extra trucks in order to relieve the inevetable congestion.

While it is true that merchants have the right to a liberal use of the sidewalks fronting their stores for purposes of their business, it is equally true that such use must be had within reasonable time and bounds and with due regard to the rights and the safety of the public.

357

Next, it is clear that defendant was careless as to the matter of lights. Mrs. Brown says there was not light enough to enable her to avoid the accident. Levy, friend of hers who visited the location soon after the accident, says it was dark and saw no light except a gas jet or two in the store, and that the street light, at Natchez Alley and some distance diagonally across, was evidently intercepted by the wall of paper so as to shadow the passage-way.

The testimony of defendant's witnesses on this point is unsatisfactory, to say the least, and, in the reading, does not impress any more than it appears to have, in the hearing, impressed Court and jury.

It is a peculiar and significant fact that the two negroes who were throwing the bundles from the piles into the truck and who caused the more serious injuries by dropping the bundles on her back and hands, failed to see her when she approached and did not see her even after she had fallen on the truck. The first intimation they had of her presence was when she screamed; and yet, it is gravely urged that she should and could have seen the obstacle which led to her injury.

Were further proof of negligence needed, we might easily point to the testimony of Carter, a member and the manager of defendant corporation.

He says he ordered a light put there after the accident and further says:

"I will tell you why I wanted to put a lantern on the paper; I knew they ought to have a light there, and I told them so. I asked them why they did not have that light there according to orders.

And again:

"Q. Why did you issue an order to have a light placed on the side walk?

A. Because I thought some notice ought to be given to the people of the goods."

Whether prompted by a City Ordinance or by a sense of prudence, it is clear that Carter knew that the proper precaution had not been taken. The defendant's counsel reserved exception to a refusal of the Court to allow the testimony given

by Holmes, deceased, in a prosecution by the City against E. C. Palmer, president of the company, for violating the ordinance in reference to red lights, and also the record and judgment of the Criminal Court to show that he was acquitted of the charge.

Both rulings are correct; the prosecution was by the City and the present plaintiff had no power to cross examine the witness, and the judgment of a criminal court has no effect on a civil court, which is charged with the duty and power to determine for itself all the issues arising in a civil suit.

The injuries inflicted consisted of bruises on the hands and back of plaintiff; she suffered considerable for a few days and, up to the time of trial, was not able to pick up or hold objects with her left hand, to properly do house work or to sew. It is claimed by counsel that the injury to the hand appears permanent.

In respect to the amount allowed as in the other issues of fact, we find no reason to disturb the conclusions of the jury which judging from various apt and timely questions propounded by some of the members, appears to have been more than an ordinary intelligent body.

Judgment affirmed.

May 14th, 1906.

Rehearing refused May 28, 1906.